IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **JESUS OLIVO, #683968**, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | Civil Action No. **3:06-CV-2399-L** |
| | § | |
| **NATHANIEL QUARTERMAN, Director**, | § | |
| **Texas Department of Criminal Justice**, | § | |
| **Correctional Institutions Division**, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Before the court are: (1) the Findings, Conclusions and Recommendation of the United States Magistrate Judge, filed October 23, 2007; (2) Petitioner's objections, filed November 1, 2007; and (3) the Amended Findings, Conclusions and Recommendation of United States Magistrate Judge ("Amended Report"), filed November 6, 2007.

This is a habeas petition filed pursuant to 28 USC § 2254. Magistrate Judge Paul D. Stickney found that the petition was barred by the one-year statute of limitations of the Antiterrorism and Effective Death Penalty Act of 1996 and that Petitioner was not entitled to equitable tolling because he failed to demonstrate the required extraordinary circumstances and due diligence.

Petitioner has made several objections, which the court addresses in turn. First, Petitioner objects to the magistrate judge's conclusion that the one-year period expired on April 27, 1995. In the Amended Report, the magistrate judge determined that the latest period that the one-year period would expire is May 5, 2000. The court therefore **overrules** this objection as moot because the magistrate judge filed an Amended Report.

**Order – Page 1**

Petitioner's remaining objections argue that he is entitled to equitable tolling because of his counsel's ineffective assistance and intentional deceit. As the magistrate judge noted, Petitioner hired counsel, R. Michael Thomas, on February 17, 2000. Petitioner argues that Mr. Thomas's failure to file a habeas petition within the one-year statute of limitations was part of a "clear course of intentional deceit" and that he acted with diligence in following up with his attorney to ensure that his writ was filed. The court has reviewed the exhibits filed with the writ, as well as the Petitioner's objections and the magistrate judge's findings and conclusions. The court agrees with the magistrate judge that its decision does not condone or excuse Mr. Thomas's conduct. Regardless of Mr. Thomas's misdeeds, however, the court concludes that Petitioner's failure to exercise due diligence dooms his request for equitable tolling. Petitioner does not contend that Mr. Thomas told him that a habeas petition had been filed, and the evidence demonstrates that while Petitioner sent documents to Mr. Thomas on April 19, 2000, he waited nearly a year before contacting him again. While another letter followed in May 2001, Petitioner did not attempt to contact Mr. Thomas again for three years. Finally, Petitioner learned that Mr. Thomas had resigned from the bar in May 2006, but did not file his habeas petition for another seven months. The court determines that this case does not rise to the level of "rare or exceptional circumstances" required in this circuit for the application of equitable tolling. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Accordingly, the court **overrules** Petitioner's remaining objections.

Having reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines that the findings and conclusions are correct. The magistrate judge's findings and conclusions are therefore **accepted** as those of the court. The court

therefore **dismisses with prejudice** the writ of habeas corpus as barred by the one-year limitations period.  The court **denies** Petitioner's request for an evidentiary hearing.

       **It is so ordered** this 27th day of November, 2007.

Sam A. Lindsay
United States District Judge