IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JESUS OLIVO, #683968,<br>Petitioner,<br><br>v.<br><br>WILLIAM STEPHENS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | 3:06-CV-2399-L |

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
OCT - 9 2013
CLERK, U.S. DISTRICT COURT
By _____
Deputy

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. §636(b), and an order of the District Court in implementation thereof, the subject cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows.

Type Case: Petitioner filed this motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b).

Parties: Petitioner is presently confined within the Texas Department of Criminal Justice -- Correctional Institutions Division (TDCJ-CID). Respondent is the Director of TDCJ-CID.

Statement of Case: Following his plea of not guilty, a jury convicted Petitioner of murder in Criminal District Court No. 3 of Dallas County, Texas, in Cause No. F93-66688-UJ. On March 28, 2004, punishment was assessed at forty years imprisonment.

After exhausting state remedies, Petitioner filed a petition for writ of habeas corpus in this case pursuant to 28 U.S.C. § 2254. Petitioner alleged two grounds for relief: (1) his counsel's ineffectiveness prevented the filing of his federal petition before the expiration of the

one-year period, and (2) the trial court's failure to instruct the jury on the lesser included offense of voluntary manslaughter violated his due process rights.

On November 27, 2007, the district court dismissed the petition as barred by the statute of limitations. On December 9, 2008, the Fifth Circuit Court of Appeals denied a certificate of appealability ("COA"). On March 9, 2009, Petitioner filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b) arguing that his counsel's ineffectiveness in failing to timely file his § 2254 entitled him to equitable tolling of the limitations period. On May 13, 2009, the district court denied the motion. On May 28, 2010, the Fifth Circuit denied COA.

On August 25, 2013, Petitioner filed the instant Rule 60(b) motion. He argues that under the Supreme Court's decision in *Holland v. Florida*, 560 U.S. 631 (2010), he is entitled to equitable tolling of the AEDPA limitations period due to his counsel's ineffectiveness.

Findings and Conclusions: Petitioner argues he is entitled to equitable tolling based on his counsel's failure to timely file his § 2254 petition.

In *Holland*, the Supreme Court determined that equitable tolling applies to § 2254 petitions "in appropriate cases." *Id.* at 2560. The Court stated that " a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way' and prevented timely filing." *Id.* at 2562 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The Court found that some cases of attorney misconduct may rise to the level of "extraordinary circumstances" that prevent timely filing. *Id.* at 2564.

In this case, the *Holland* decision does not entitle Petitioner to relief. Petitioner's own allegations establish that his counsel's ineffectiveness began at the very earliest in late 2000 or

early 2001, a good six to eleven months *after* the one-year AEDPA period had elapsed. (Dkt. No. 15 at 10.) Further, the Court in *Holland* found that to be entitled to equitable tolling, a petitioner must show he has been diligently pursuing his rights. *Holland*, 560 U.S. at 2562. Petitioner had contact with his attorney in 2000 and 2001 and then did not contact counsel for another three years. (Dkt. No. 15 at 8-9; Dkt. No. 16 at 2.) When Petitioner learned his counsel had resigned from the Bar, he waited another seven months before filing his petition. (*Id.*) The district court determined that, "[r]egardless of [his counsel's] misdeeds, [ ]the court concludes that Petitioner's failure to exercise due diligence dooms his request for equitable tolling." (*Id.*) Petitioner has failed to establish he is entitled to equitable tolling. His Rule 60(b) motion should be denied.

RECOMMENDATION:

For the foregoing reasons the Court recommends that Petitioner's Rule 60(b) motion be denied.

Signed this 7 day of October, 2013.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

3

## NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).